UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUCK DRIVERS LOCAL UNION NO. 164, A/W
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,

           Plaintiff and Counter-Defendant,

Case number 05-73509
Honorable Julian Abele Cook, Jr.

v.

ALLIED WASTE SYSTEMS, INC d/b/a GREAT
LAKES WASTE SERVICES,

           Defendant and Counter-Plaintiff.

## ORDER

The Plaintiffs, Teamsters Local Union 164 ("Teamsters"), and the Defendant, Allied Waste Systems Inc., doing business as Great Lakes Waste Services ("Allied"), are parties to a collective bargaining agreement which directs them to submit their disputes to final and binding arbitration.[1] On November 17, 2005, Teamsters filed a motion for summary judgment, in which it sought to enforce an arbitration award that provided for the reinstatement of, and the payment of limited back pay to, the grievant, Keith Miller ("Miller"). Several days later on November 30, 2005, Allied filed its own motion for summary judgment.[2] On March 29, 2006, the Court denied Teamsters' motion for summary judgment and granted Allied's request for the same form of relief. Thereafter,

---

[1] This controversy has arisen pursuant to § 301(a) of the Labor Management Act, 29 U.S.C. § 185(a).

[2] In its counterclaim against Teamsters, Allied had requested the Court to vacate that portion of the arbitration award which required the reinstatement and the payment of limited back pay to Miller.

Teamsters filed a motion on April 10, 2006, in which it asked the Court to reconsider its refusal to enforce the arbitration award.

I.

The basis upon which this Court must evaluate the merit, if any, of Teamsters' motion for reconsideration within this District is governed by E.D. Mich. LR 7.1(g)(3), which reads:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In advancing its request for reconsideration, Teamsters submits that the decision of March 29th was erroneous because it was based upon (1) submissions that had never been presented to the arbitrator, and (2) an improper *de novo* review of the factual issues, all of which were within the exclusive province of the arbitrator. In advancing its argument in support of the motion, Teamsters submits that the Court incorrectly accepted Allied's argument (to wit, that Miller's termination was warranted because of his failure to submit a written report of the accident as required by the Company's 1998 work rules) because this contention was never presented to the arbitrator. Moreover, Teamsters maintains that the Court, in concluding that the 1998 work rules were inapplicable,[3] improperly substituted its own interpretation of the parties' contract and in so doing,

---

[3] Article 8.2 of the CBA contains the following language:

"Mandatory Safety and Work Rules:   The Employer shall give at least one (1) warning notice with respect to violation of the Company's Mandatory Safety and Work Rules, under Section 2 of those rules, prior to discharge. No warning notice need be given for any violation of [the Rule] found in Section 1 of the Company's Mandatory Safety and Work Rules, prior to discharge, and the Employer may immediately discharge the employee."

invaded the exclusive jurisdiction of the arbitrator. For reasons that have been set forth below, Teamsters' motion for reconsideration is denied.

II.

Teamsters initially takes issue with the inclusion of Rule 7 by the Court in its Order.[4] Contrary to this position by Teamsters, the Court never premised its decision on the basis of the alleged violation of this Rule. Rather, the Court noted that "even if the 1998 rules were thought to be applicable and enforceable, Rule 7 requires an employee, who is involved in an accident to report the incident in writing to his supervisor prior to the termination of the work shift during which it occurred." Thus, it was the conclusion of the Court that it would not consider the 1998 work rules, inasmuch as Article 29.1[5] of the parties' collective bargaining agreement superceded all prior labor-management contracts. Therefore, Teamsters' assertion that the challenged decision

---

While reviewing the arbitration reward, the Court was presented with two competing sets of work rules. The first set of work rules, which was developed in 1998, indicated that Miller's conduct could be considered to be a violation of Section 2. However, the second set of rules, which had been created in 2003, suggested that Miller's actions subjected him to an immediate termination, without making reference to whether his conduct violated Sections 1 or 2 of the collective bargaining agreement.

In essence, the "Mandatory Safety and Work Rules" that are currently in force are identical to those which were attached to the predecessor collective bargaining agreement between Teamsters and the Great Lakes Waste Services of Adrian, Michigan.

[4] Rule 7, which is contained in Section 1 of the "Mandatory Safety and Work Rules," requires an employee who was involved in an accident to report the incident, in writing, to a supervisor prior to the termination of the work shift during which it occurred.

[5] Article 29.1 reads:

Scope: When the terms of this Agreement become effective, they shall supercede and render ineffective any past practices, addendum, letters of understanding, oral or written agreements as may now exist or may have existed.

contains a "palpable defect" due to the consideration of, and reliance upon Rule 7 by the Court, is misplaced.

Teamsters also submits that the conclusion by the Court in rendering the 1998 rules to be inapplicable was in error because it constituted an unwarranted invasion of the arbitrator's authority in this dispute. Thus, Teamsters submits that "[i]n overruling the arbitrator, the court [sic] explicitly conducted a de novo review of which set of work rules were in effect at the time of the grievant's discharge. In doing so, the court [sic] reconsidered not the legal merits of the case, but the factual underpinnings of the award." While it is true that a substantive revision of the now challenged order would result in a different disposition of the case, Teamsters has failed to demonstrate any "palpable defect" in its motion.

Here, the Court found that the authority of the arbitrator had been violated because his resolution of the issues in controversy had failed to "draw its essence from the collective bargaining agreement," because it conflicted with the express terms of the parties' labor-management contract. According to the record in this cause, the arbitrator determined that Miller, having violated Section 2 of the "Mandatory Safety and Work Rules," had provided Allied with a good and sufficient basis upon which to impose an appropriate form of disciplinary action against him. In rendering his decision, the arbitrator was not free to impose a remedy that he believed to be fair and reasonable, in that the express terms within the collective bargaining agreement provided, in essence, that as long as a legitimate basis had been established by the employer, the arbitrator was not authorized to impose, alter, or amend the imposed discipline. Notwithstanding, the Court indicated that the arbitrator did precisely that which he was prohibited from doing. Furthermore and by ignoring the superceding clause of Article 29.1 in the collective bargaining agreement, the arbitrator, through

his decision, ran counter to the express terms and conditions of his limited authority.  Thus, the Court determined that a reversal of the arbitration award was warranted and justified.  Such a conclusion can hardly be considered to be a review of only the "factual underpinnings of the award."

Finally, Teamsters has merely reiterated those arguments that it had previously proffered in the pleadings in support of its motion for the entry of a summary judgment, and its opposition to Allied's request for dispositive relief. Thus, it is readily apparent to the Court that Teamsters has failed to demonstrate a "palpable defect" within the order of March 29, 2006.

Accordingly, Teasmters' motion for reconsideration must be, and is, denied, and the directives within the March 29th order shall remain in force without modification.

IT IS SO ORDERED.

Dated: October 16, 2006  
Detroit, Michigan

s/ Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

Certificate of Service

I hereby certify that on October 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford  
Courtroom Deputy Clerk